FILED
IN CLERK'S OFFICE

'16 OCT 24  PM 3 21

U.S. DISTRICT COURT
DIST. OF MASS.

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS                    CIVIL ACTION NO:

BHARANIDHARAN PADMANABHAN MD PhD )
       (Dr Bharani)   )   VERIFIED COMPLAINT
       - PLAINTIFF   )
             )   JURY TRIAL DEMANDED
vs.            )
             )
ROBERT SWEENEY     )
       - DEFENDANT  )

## CONCISE STATEMENT OF CLAIM

On February 12, 2015, Defendant Robert Sweeney deceptively misrepresented to Plaintiff Dr Bharani that he is a Constable licensed and bonded in the City of Cambridge and fully authorised to serve court summonses within the City of Cambridge, whereas he was not licensed or bonded within the City of Cambridge. Defendant Robert Sweeney also engaged in deceptive advertising through listings on the internet, signage on the plate-glass of his store-front window as well as strategic location of his business premises across the street from Middlesex Probate Court and next to the Middlesex Sheriff's Office to mislead consumers that he is an authorised Constable in Cambridge. In addition to these deceptive practices in conscious willful violation of Section (5) of the Federal Trade Commission Act, 15 U.S.C. § 45(a) and Massachusetts G.L.c. 93A, Defendant Robert Sweeney contracted with and charged Plaintiff Dr Bharani up-front for serving sixteen (16) summonses but did not serve them, as a result of which Plaintiff Dr Bharani lost the ability to include those defendants in his civil lawsuit.

As Defendant Robert Sweeney has not been licensed or bonded with the City of Cambridge since 2012, every single court summons he has served in Cambridge since that

date has been unlawful and void and service was not effective. This affects not only Plaintiff Dr Bharani but also the integrity of the Massachusetts court system as well as that of the US District Court for Massachusetts (eg. Afrasiabia v. Awad, 14-10239-PBS (D. Mass 2015) - service by Defendant Robert Sweeney)

On September 20, 2016, Defendant Sweeney was served a compliant 93A demand letter but neither he nor his attorney, Alan David Meyerson (BBO# 682515), has seen fit to respond.

On October 6, 2016, Plaintiff fully informed Attorney Meyerson (BBO# 682515) about the four years of illegal and ineffective service to "hundreds" of litigants by the Defendant.

## PARTIES

1      Defendant Robert Sweeney resides within the District of Massachusetts at 6 Pleasant Street, Stoneham, MA 02180.

2      Defendant Robert Sweeney has for many years operated his business under the name "Constable Services" out of a street-level store-front office at 207 Cambridge Street, Cambridge, MA, across the street from Middlesex Probate Court.

3      Recently within the year 2016 Defendant Robert Sweeney moved his primary business address to 149 Cambridge Street, two blocks away from the old location. The new office is still very close to Middlesex Probate Court and attracts a similar clientele.

4      Plaintiff Dr Bharani is a neurologist who resides within the District of Massachusetts at 30 Gardner Road #6A, Brookline MA 02445 and has practiced medicine in Massachusetts for twenty years.

5      Plaintiff Dr Bharani contracted with Defendant Robert Sweeney to serve sixteen

(16) summonses within the City of Cambridge, City of Boston, Town of Concord and Town of Lexington.

## JURISDICTION AND VENUE

6       Venue is proper as both Parties reside and work within this District and the deceptive practice occurred within this District.

7       This Court has primary jurisdiction under 28 U.S. Code § 1331 because the case in controversy involves the laws of the United States.

8       This Court has supplemental jurisdiction under 28 U.S. Code § 1367 because the private right of action asserted under Massachusetts G.L.c. 93A is intricately linked and inseparable from the violation of Federal law, and violation of Section (5) of the Federal Trade Commission Act, 15 U.S.C. § 45(a) constitutes a violation of G.L.c. 93A. *McDermott v. Marcus, Errico, Emmer & Brooks, PC*, 775 F. 3d 109 (1st Circ. 2014)

## FACTUAL BACKGROUND

9       In October 2014, Plaintiff Dr Bharani filed a civil lawsuit against 72 defendants.

10      Being almost indigent and without any income for five (5) years at that point as a direct consequence of the defendants' torts, Plaintiff Dr Bharani took a while to scrape together the cash needed for proper service on 72 defendants at $50 per summons.

11      En route to the Middlesex Sheriff's Office for the first time and unsure of the exact location Plaintiff Dr Bharani entered the store-front office of Defendant Robert Sweeney (Constable Services) in error.

12      Defendant Robert Sweeney was seated at the desk dealing with some consumers and enquired of Plaintiff Dr Bharani how he may be of help.

13      Plaintiff Dr Bharani explained that he was looking for the Middlesex Sheriff's Office

as he had summonses that needed serving.

14      Defendant Robert Sweeney offered to serve them himself.

15      Plaintiff Dr Bharani explained that he had been asked to meet with a particular staff member at the Sheriff's Office in order to avail of a volume discount and that he now realised he had stepped in to the wrong office by mistake.

16      Defendant Robert Sweeney said that he was ready to serve summonses locally any time. Plaintiff Dr Bharani thanked him and walked over to the Sheriff's Office.

17      By February 2015 most of the 72 defendants had been properly served by the Sheriff's Office.

18      The Cambridge Public Health Commission and Harvard School of Public Health actively thwarted efforts by both the Middlesex and Suffolk County Sheriff's Deputies from effecting personal service on Defendant Dr Lucian Leape despite multiple attempts in two counties.

19      The Harvard School of Public Health deployed security guards to the main entrances of the Francois Xavier Baignoud (FXB) Building on multiple days to physically prevent the entrance of the Suffolk County Sheriff's Deputy.

20      Plaintiff Dr Bharani was informed that a Constable in plain clothes may gain entry where a Sheriff in uniform would be blocked.

21      On February 12, 2015, Plaintiff Dr Bharani sought the services of Defendant Robert Sweeney by walking into his store-front business premises at 207 Cambridge Street, Cambridge, MA.

22      This store-front office had a huge law enforcement badge painted on the plate glass window and the name of the business "Constable Services" was emblazoned above in

large type. <u>Exhibit 1</u>

23 Inside these business premises Plaintiff Dr Bharani observed office furniture, filing cabinets, Defendant Robert Sweeney's secretary and numerous clients handing over summonses to be served. <u>Exhibit 2</u>

24 Upon arriving at his turn, Plaintiff Dr Bharani discussed the need to serve sixteen (16) summonses on fifteen (15) defendants, with Dr Lucian Leape to be served at two separate locations.

25 Defendant Robert Sweeney's secretary, Martha Clark, telephoned Defendant Robert Sweeney with Plaintiff Dr Bharani seated at the desk before her.

26 Over the speakerphone Defendant Robert Sweeney accepted the job of serving the sixteen summonses on the fifteen defendants. "This is what I do everyday. Sure we can do it." said Defendant Robert Sweeney over the telephone.

27 Defendant Robert Sweeney assured Plaintiff Dr Bharani that he was a Constable duly authorised, licensed and bonded in the City of Cambridge and that he had years of experience serving summonses in Cambridge, even on elusive defendants.

28 Plaintiff Dr Bharani pointed out that the defendants were in different localities, namely Cambridge, Lexington, Concord and Boston.

29 Plaintiff Dr Bharani emphasised that Defendant Dr Lucian Leape needed to be served at two different locations, in Cambridge and Lexington, and that he had hitherto successfully evaded service with the active help of the Harvard School of Public Health.

30 Plaintiff Dr Bharani further emphasised that the other defendants included a former Mayor of Cambridge and Dr Judy Ann Bigby, the former Secretary of Health for Massachusetts.

31      Defendant Robert Sweeney reasserted over the telephone to Plaintiff Dr Bharani that he would begin serving the summonses the next day and that he did not foresee any problems.

32      Plaintiff Dr Bharani paid $600 cash and $200 via VISA through Defendant Robert Sweeney's "Square ®" card-swipe service. Exhibit 3, Exhibit 4

33      At no time that day did Defendant Robert Sweeney inform Plaintiff Dr Bharani that he was not licensed or bonded in the City of Cambridge as of the year 2012.

34      At no time that day did Defendant Robert Sweeney inform Plaintiff Dr Bharani, freshly *pro se* at the time, that a 4c Motion needed to be filed with the court appointing Defendant Robert Sweeney as a special process server.

35      At no time that day did Defendant Robert Sweeney inform Plaintiff Dr Bharani that, pursuant to G.L.c. 41 § 92, Constables were prohibited from accepting summonses in lawsuits where damages were greater than $7000.

36      At no time that day did Defendant Robert Sweeney ask Plaintiff Dr Bharani whether the damage claim in his complaint was above $7000.

37      At no time that day did Defendant Robert Sweeney inform Plaintiff Dr Bharani that he was going to subcontract the work of serving the sixteen summonses ("farm out" is how he later put it) and that too to one Mark Davis, who also is not duly licensed or bonded in the City of Cambridge and whose Constable license in Somerville had also expired.

38      At no time did Defendant Robert Sweeney inform Plaintiff Dr Bharani that his business titled "Constable Services" and occupying a street-level store-front office at 207 Cambridge Street across from Middlesex Probate and next door to the Middlesex Sheriff's Office was NOT a business registered with the Secretary of the Commonwealth.

39     At no time that day did Defendant Robert Sweeney demonstrate any recognition of the need to comply with the rule of law or the specific provisions of the Federal Trade Commission Act,15 U.S.C. § 45(a).

40     Defendant Robert Sweeney did not return the executed summonses to Plaintiff Dr Bharani prior to the deadline set by the court for the returns to be filed.

41     Defendant Robert Sweeney did not return any of Plaintiff Dr Bharani's increasingly desperate phone calls.

42     On February 24, 2015, two days prior to the deadline, Plaintiff Dr Bharani visited Defendant Robert Sweeney at his "Constable Services" store-front premises at 207 Cambridge Street, Cambridge MA.

43     Defendant Robert Sweeney was steely cold, very dismissive and unwilling to take responsibility and ensure the complaints were indeed served prior to the deadline.

44     Defendant Robert Sweeney informed Plaintiff Dr Bharani that day for the first time that he had "farmed out" the service of the summonses to one Mark Davis and told Plaintiff Dr Bharani that he needed to talk to Mark about them.

45     Plaintiff Dr Bharani made it very clear that he had hired Defendant Robert Sweeney and not Mark Davis, that he did not know Mark Davis existed, the arrangement had been made with Defendant Robert Sweeney alone through his business named "Constable Services" and the receipts for the monies paid said "Constable Services."

46     Defendant Robert Sweeney told Plaintiff Dr Bharani that if he wanted to know when the summonses were going to be served he should phone Mark Davis.

47     Mark Davis did not answer his cellphone or return calls.

48     The deadline to serve passed and fifteen (15) defendants named in the original

complaint remained unserved as Plaintiff Dr Bharani did not have another $800 (plus $60 for the summonses) to give to a different process server.

49      Plaintiff Dr Bharani returned to Defendant Robert Sweeney's store-front business premises in early March 2015 accompanied by his father and mother who had come to stay with him.

50      Defendant Robert Sweeney was at his desk, declared a total inability to understand what had happened to the summonses, declared that he did not know if they had been served or not or why Mark Davis had not simply returned the unexecuted summonses to Plaintiff Dr Bharani as 'unable to be served.'

51      Defendant Robert Sweeney did not at any point apologise to Plaintiff Dr Bharani about the work going undone despite him having accepted the work and the upfront fees.

52      At no point that day did Defendant Robert Sweeney offer a refund.

53      Plaintiff Dr Bharani has phoned and visited Defendant Robert Sweeney's store-front business premises at 207 Cambridge Street, Cambridge MA, since March 2015 in an ongoing effort to obtain the summonses that he handed to Defendant Robert Sweeney's staff on February 12, 2015.

54      To this day Defendant Robert Sweeney has offered changing stories but has not returned the summonses back to Plaintiff Dr Bharani and has intransigently stonewalled for twenty (20) months.

55      On October 6, 2016, Plaintiff Dr Bharani was informed in writing by the City of Cambridge that Defendant Robert Sweeney is not licensed or bonded in the City of Cambridge and has not been sworn in as a Constable by the City since 2012. Exhibit 5

56      This means that when Defendant Robert Sweeney represented himself to Plaintiff

Dr Bharani in February 2015 that he was a licensed and bonded Constable in Cambridge and was authorised to serve summonses upon defendants in Cambridge, he had engaged in factual misrepresentation and deception and had impersonated a law enforcement officer in the Commonwealth of Massachusetts.

57      This means that in February 2015, Defendant Robert Sweeney consciously and willfully violated Massachusetts G.L.c. 268, § 33 and committed a crime against public justice.

58      This means that in February 2015, Defendant Robert Sweeney fully knew that he was not licensed or bonded in the City of Cambridge and knowingly lied to Plaintiff Dr Bharani that he was authorised as a Constable in order to relieve Plaintiff Dr Bharani of his precious and scarce funds.

59      This was an undeniable case of fraud, breach of trust and entering into an agreement in bad faith as well as a willful violation of Section (5) of the FTC Act, 15 U.S.C. § 45(a) and Massachusetts G.L.c. 93A.

60      This was thus also a clear case of false advertising and fraudulently diverting consumers who may have otherwise chosen the Middlesex Sheriff's Office or other Constables who were actually properly licensed and bonded.

61      Defendant Robert Sweeney's entire business approach, his misrepresentations to people, the name of his business enterprise, the signage on his plate-glass window, the pro-law-enforcement decor within, the street-level store-front office in the City of Cambridge one block away from the Middlesex Sheriff's Office and directly across from Middlesex Probate Court, was wholly designed to act as a "long con" and present the false image of a legitimate authorised business in order to deceptively attract consumers in

9

willful violation of Section (5) of the FTC Act, 15 U.S.C. § 45(a) and Massachusetts G.L.c. 93A and mislead them into hiring him.

62      After receiving Plaintiff Dr Bharani's compliant 93A demand letter by hand and via Certified Mail on September 20, 2016, the only response received thus far from Defendant Robert Sweeney via his counsel Alan David Meyerson (BBO# 682515) was a threat to "countersue and seek hefty attorney's fees" from Plaintiff Dr Bharani. Exhibit 6

63      Defendant Robert Sweeney's counsel Alan David Meyerson (BBO# 682515) further informed Plaintiff Dr Bharani that he and his law firm had hired Defendant Robert Sweeney to serve summonses and other documents in "hundreds of cases" and that they were perfectly happy with Defendant Robert Sweeney's work ethics.

64      On October 6, 2016, immediately after being informed by the City of Cambridge that Defendant Robert Sweeney has not been licensed or bonded in the City and had not been sworn in as a Constable by the City since at least 2012, Plaintiff informed Attorney Alan David Meyerson (BBO# 682515) of this fact via email.

65      On October 7, 2016, Plaintiff Dr Bharani also informed Attorney Alan David Meyerson (BBO# 682515) via a Certified letter that as a licensed attorney, an officer of the court, and pursuant to SJC Rules of Professional Conduct, Attorney Alan David Meyerson (BBO# 682515) was obligated to immediately inform his colleagues, all the clients and all opposing counsel for the "hundreds of cases" that he said he had hired Defendant Robert Sweeney to serve summonses and other documents in, as every one of those services was improper and ineffective and so the cases need to be reopened and re-litigated as service had been void. Exhibit 7

66     On October 17, 2016, two days prior to the deadline for Defendant Robert

Sweeney to respond to the 93A demand letter, Plaintiff Dr Bharani informed Attorney Alan

David Meyerson (BBO# 682515) of the statutes and case law in Massachusetts regarding

the lawfulness of Constables representing themselves as Constables in localities where

they are not licensed or bonded and hence unauthorised to serve as Constables. *Jessamey*

*v. Norfolk Financial*, 2006 Mass. App. Div. 82, *Andrews v. South Coast*, 582 F. Supp. 2d

82 (D. Mass. 2008), G.L.c. 41, §§ 91 *et seq*.

67     On October 19, 2016, the deadline to respond to the 93A demand letter expired.

Defendant Robert Sweeney did not make any offer at all and again stonewalled Plaintiff

Dr Bharani as he has done for the past twenty (20) months.

68     On October 20, 2016, Plaintiff Dr Bharani left a voicemail message with Attorney

Alan David Meyerson (BBO# 682515) at his law firm enquiring if he would accept service

on behalf of Defendant Robert Sweeney or if he no longer represented Defendant Robert

Sweeney. There has been no response to that message either. Plaintiff Dr Bharani is left to

assume he needs to have the complaint served at Defendant Robert Sweeney's abode.

69     This Complaint timely follows under G.L.c. 93A §9.

**Consumer Injury**

70     Violations of Section (5) of the FTC Act, 15 U.S.C. § 45(a), give rise to private right

of action in this District under G.L.c. 93A, as in many other states under their deceptive

practices Acts. *Legacy Academy, Inc. et al. v. Mamilove, LLC et al.*, 2014 WL 3557617 (Ga.

Ct. App. July 16, 2014), *Liu v. Amerco*, 677 F.3d 489 (1st Cir. 2012), *McDermott v.

Marcus, Errico, Emmer & Brooks, PC*, 775 F. 3d 109 (1st Circ. 2014)

71     Plaintiff Dr Bharani has suffered substantial injury as a result of Defendant Robert Sweeney's willful and knowingly deceptive practices in violation of Federal law, namely Section (5) of the FTC Act, 15 U.S.C. § 45(a), which constitute violations of G.L.c. 93A.

72     Absent judgment from this Court, Defendant Robert Sweeney is likely to continue, in willful violation of the FTC Act and G.L.c. 93A, his false and deceptive representations and advertising designed to mislead consumers acting reasonably under the circumstances and injure customers in fact as well as harm the public interest and the judicial machinery through improper and ineffective service in numerous court cases.

73     In Massachusetts EMTs were held publicly accountable for fake certifications and at least one was sentenced because working as EMTs without the proper certification was fraud. http://www.mass.gov/ago/news-and-updates/press-releases/2012/2012-04-23-codair-plea.html

74     Similarly, misrepresenting and working as a Constable in the City of Cambridge in the absence of a license and a posted surety bond is fraud and a case of impersonating a law enforcement officer.

75     Misrepresenting and working as a Constable in any locality in the absence of a license and a posted surety bond in that locality is fraud and a case of impersonating a law enforcement officer.

76     Publicly enforcing judicial accountability upon Defendant Robert Sweeney is thus in the interest of both the court system, the Commonwealth of Massachusetts, justice and the public at large.

VIOLATIONS OF SECTION 5 OF THE FEDERAL TRADE COMMISSION ACT
AND G.L.c. 93A

77      Section (5) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or

practices in or affecting commerce."

78      Misrepresentations or deceptive omissions of material fact constitute deceptive acts

or practices prohibited by Section (5) of the FTC Act, 15 U.S.C. § 45(a) and constitute

violations of G.L.c. 93A and give rise to a private right of action and subject matter

jurisdiction in Federal court. *McDermott v. Marcus, Errico, Emmer & Brooks, PC*, 775 F.

3d 109 (1st Circ. 2014).

79      To prove a deceptive act or practice in violation of Section 5(a) of the FTC Act, the

Plaintiff must show: (1) a representation, omission, or practice that (2) is likely to mislead

consumers acting reasonably under the circumstances, and that (3), the representation,

omission, or practice is material. *In re Cliffdale Associates, Inc.*, 103 F.T.C. 110, 165

(1984); *F.T.C. v. Verity Int'l Ltd.*, 443 F.3d 48 (2d Cir. 2006); *F.T.C. v. Cyberspace.Com LLC*,

453 F.3d 1196 (9th Cir. 2006); *F.T.C. v. Tashman*, 318 F.3d 1273, (11th Cir. 2003).

80      A representation is material if it "involves information that is important to

consumers and, hence, likely to affect their choice of, or conduct regarding, a product."

*Cyberspace.Com LLC*, 453 F.3d at 1201, *Sunshine Art Studios, Inc. v. FTC*, 481 F.2d 1171

(1st Cir. 1973)

81      The Plaintiff need not show intent to deceive, *Verity Int'l Ltd.*, 443 F.3d at 63, nor is

proof of actual consumer deception required. *Cyberspace.Com LLC*, 453 F.3d at 1201;

*F.T.C. v. Freecom Commc'ns, Inc.*, 401 F.3d 1192, 1203 (10th Cir. 2005) ("Neither proof

of consumer reliance nor consumer injury is necessary to establish a § 5 violation.").

82      Plaintiff Dr Bharani however does present evidence of consumer reliance and consumer injury as a result of Defendant Robert Sweeney's materially deceptive practice in violation of Section (5) of the FTC Act, 15 U.S.C. § 45(a) and thus presents particular evidence for deceptive acts which constitute violations of G.Lc. 93A and that injured him.

COUNT 1
**Failure to Disclose**

83      Plaintiff Dr Bharani incorporates and reasserts the allegations in the paragraphs above as if fully set forth herein.

84      In February 2015 when Plaintiff Dr Bharani was in Defendant Robert Sweeney's business premises at 207 Cambridge Street, Cambridge MA, and informed Defendant Robert Sweeney via his secretary Martha Clark and via the telephone that summonses needed to be served on defendants in the City of Cambridge, Defendant Robert Sweeney failed to disclose that he no longer was licensed, bonded or sworn in as a Constable in the City of Cambridge and therefore was NOT authorised to act as a Constable within the City of Cambridge.

85      The FTC Act and case law establish that an act is deceptive if it would have materially affected the choice of a reasonably diligent customer.

86      Had Defendant Robert Sweeney disclosed, as he was required to, that he was not authorised to serve summonses within the City of Cambridge that would have had a significant material impact on Plaintiff Dr Bharani's decision to hand over his precious and scarce cash to Defendant Robert Sweeney and arrange for him to serve sixteen (16) summonses on fifteen defendants, meaning Plaintiff Dr Bharani would have sought someone else.

87     The material factual misrepresentation through omission by Defendant Robert

Sweeney that he was duly authorised as a Constable to serve summonses within the City

of Cambridge constitutes an unfair and deceptive act or practice in or affecting commerce

in violation of Section (5) of the FTC Act, 15 U.S.C. § 45(a) and G.L.c. 93A and caused

Plaintiff Dr Bharani severe and ongoing damage as those fifteen defendants were not

served before the deadline passed.

COUNT 2
**Deliberate deception through material misrepresentation**

88     Plaintiff Dr Bharani incorporates and reasserts the allegations in the paragraphs

above as if fully set forth herein.

89     Defendant Robert Sweeney actively misrepresented to Plaintiff Dr Bharani in

February 2015 that he was duly licensed and bonded and fully authorised to serve

summonses within the City of Cambridge.

90     At that time Defendant Robert Sweeney was fully aware that he had not been

sworn in by the City after 2012 and that he did not have any surety bond on file with the

City of Cambridge at any time after 2012.

91     At that time Defendant Robert Sweeney was fully aware that he was not duly

licensed or authorised to receive money from the public to serve summonses within the

City of Cambridge or represent to consumers that he was a Constable in Cambridge.

92     At that time Defendant Robert Sweeney was fully aware that representing to

Plaintiff Dr Bharani that he was a Constable duly licensed and bonded in Cambridge was

a material factual deception that would undoubtedly mislead reasonable consumers in

their choice of a service or hire. *Sunshine Art Studios, Inc. v. FTC*, 481 F.2d 1171, (1st Cir. 1973)

93     The active material factual misrepresentation by Defendant Robert Sweeney that he was duly authorised to serve summonses within the City of Cambridge constitutes an unfair and deceptive act or practice in or affecting commerce in violation of Section (5) of the FTC Act, 15 U.S.C. § 45(a) and G.L.c. 93A and caused Plaintiff Dr Bharani severe and ongoing damage as those fifteen defendants were not properly served before the deadline.

94     Defendant Robert Sweeney's entire business approach, his misrepresentations to people, the name of his business enterprise, the signage on his plate-glass window, the pro-law-enforcement decor within, the street-level store-front office in the City of Cambridge one block away from the Middlesex Sheriff's Office and directly across from Middlesex Probate Court, was wholly designed to act as a "long con" and present the false image of a legitimate authorised business in order to deceptively attract consumers in willful violation of Section (5) of the FTC Act, 15 U.S.C. § 45(a) and Massachusetts G.L.c. 93A and mislead reasonable consumers into hiring him.

### COUNT 3
### Failure to Disclose

95     Plaintiff Dr Bharani incorporates and reasserts the allegations in the paragraphs above as if fully set forth herein.

96     Defendant Robert Sweeney did not disclose to Plaintiff Dr Bharani that a 4c motion needed to be filed with the court before his services could be engaged to serve summonses.

97     As serving summonses allegedly was Defendant Robert Sweeney's main

occupation or profession, it was incumbent upon Defendant Robert Sweeney to routinely inform each and every *pro se* client of this material rule prior to taking the public's money and declaring that he would serve the summonses the next day.

98      Deliberately creating the impression in *pro se* clients that the matter was settled and in process was unfair and deceptive and disparately took advantage of *pro se* clients.

99      Defendant Robert Sweeney may well claim now that as he was not a licensed Constable in Cambridge in February 2015 he was not obligated to observe any duty to care or act with high moral character.

100     Given that Defendant Robert Sweeney misrepresented that he was a licensed, bonded and sworn Constable, this duty certainly applied to him.

101     Defendant Robert Sweeney's failure to disclose, or to disclose adequately, this material information, constitutes a deceptive act or practice in or affecting commerce in violation of Section (5) of the FTC Act, 15 U.S.C. § 45(a) and G.L.c. 93A.

## COUNT 4
### Failure to Disclose

102     Plaintiff Dr Bharani incorporates and reasserts the allegations in the paragraphs above as if fully set forth herein.

103     Defendant Robert Sweeney did not disclose to Plaintiff Dr Bharani that as a Constable, pursuant to G.L.c. 41 § 92, he was limited to serving summonses on claims that were less than $7000.

104     As serving summonses allegedly was Defendant Robert Sweeney's main business or profession, it was incumbent upon Defendant Robert Sweeney to routinely inform each and every *pro se* client and all officers of the court of this material rule prior to taking the

public's money and declaring that he would serve the summonses the next day.

105    Deliberately creating the impression in *pro se* clients that the matter was settled and in process was unfair and deceptive and disparately took advantage of *pro se* clients and adversely impacted the court system.

106    Defendant Robert Sweeney may well claim now that as he was not a licensed Constable in Cambridge in February 2015 he was not obligated to observe any duty to care or act with high moral character.

107    Given that Defendant Robert Sweeney misrepresented that he was a licensed, bonded and authorised Constable, this duty certainly applied to him.

108    Defendant Robert Sweeney's failure to disclose, or to disclose adequately, this material information constitutes a deceptive act or practice in or affecting commerce in violation of Section (5) of the FTC Act, 15 U.S.C. § 45(a) and G.L.c. 93A as it would have had a significant impact on Plaintiff Dr Bharani's decision to hire his services, meaning Plaintiff Dr Bharani would have sought someone else.

### COUNT 5
### Fraud through false advertising

109    Plaintiff Dr Bharani incorporates and reasserts the allegations in the paragraphs above as if fully set forth herein.

110    Defendant Robert Sweeney advertised his business "Constable Services" through the signage on his business premises within the City of Cambridge and captured business through foot traffic and a visible presence between Middlesex Probate Court and the Middlesex Sheriff's Office.

111    Defendant Robert Sweeney's business "Constable Services" is also registered on

online websites that provide lists to the public, such as Manta.

112    The listing on Manta for Defendant Robert Sweeney's business "Constable
Services" describes the business as "We are a privately held company in Cambridge, MA."

http://www.manta.com/c/mx59mdh/constable-services

113    The listing on Manta for Defendant Robert Sweeney's business "Constable
Services" lists his most recent business address, 149 Cambridge Street, and so has received
attention from him after he moved **in 2016** from the old office at 207 Cambridge Street.

114    Defendant Robert Sweeney, in 2016, continues to engage in false advertising to
mislead reasonable consumers that he is a Constable authorised to accept business in and
act as a Constable in the City of Cambridge.

115    "There is no requirement that a misrepresentation be contained in an
advertisement." *Fanning v. FTC*, No. 15-1520 (1st Cir. 2016)

116    In this case every action by Defendant Robert Sweeney to generate a public image
for his business "Constable Services" and attract consumers, constituted and intentionally
incorporated false advertising and was willfully knowingly deceptive.

117    Defendant Robert Sweeney's entire business approach, his misrepresentations to
people, the name of his business enterprise, the prominent signage on his plate-glass
window, the pro-law-enforcement decor within, the street-level store-front office in the
City of Cambridge one block away from the Middlesex Sheriff's Office and directly across
from Middlesex Probate Court, was wholly designed to act as a "long con" and present the
false image of a legitimate authorised business in willful violation of Section (5) of the FTC
Act, 15 U.S.C. § 45(a) and Massachusetts G.L.c. 93A in order to mislead reasonable
consumers into hiring him.

COUNT 6
**Failure to Perform the obligations of the contract**

118    Plaintiff Dr Bharani incorporates and reasserts the allegations in the paragraphs above as if fully set forth herein.

119    In Massachusetts a contract need not be in written form but must contain the following elements - 1) an offer, that was 2) accepted, and 3) with consideration provided, in this case via cash and electronically via wire with a debit card.

120    There is no doubt that a contract existed between Plaintiff Dr Bharani and Defendant Robert Sweeney.

121    There is also no doubt that the contracted work was not performed, meaning the summonses were not served and the executed summonses were never returned to Plaintiff Dr Bharani.

122    There was a breach of contract that was material and true and allows for the award of damages to Plaintiff Dr Bharani. *Sutton Corporation vs. Metropolitan District Commission*, 423 Mass. 200 (1996)

123    There is further the violation of G.L.c. 93A in that even if the summonses had been served, service would have been improper and ineffective as Defendant Robert Sweeney, despite his conscious material misrepresentation to Plaintiff Dr Bharani, was NOT authorised to serve summonses within the City of Cambridge as he was not licensed or bonded by the City in the year 2015.

124    This violation of G.L.c. 93A further breached the contract in addition to the actual non-performance. It was a massive deception that has damaged this Plaintiff immensely.

125    This violation of G.L.c. 93A demonstrates that Defendant Robert Sweeney consciously entered into the contract with Plaintiff Dr Bharani with Unclean Hands and in

bad faith. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), *Precision Instrument Manufacturing Co. et al v. Automotive Maintenance Machinery Co.* 324 U.S. 806 (1945)

## PLEA FOR TIMELY RELIEF

126    This complaint regarding deceptive practices in violation of Section (5) of the FTC Act, 15 U.S.C. § 45(a) and Massachusetts G.L.c. 93A has presented the what, where, who, when and how of the deceptive practices engaged in by Defendant Robert Sweeney against Plaintiff Dr Bharani.

127    Even though this complaint is required to comply only with the pleading standards of Rule 8a it already is in compliance with the particularity standard of Rule 9b.

128    Defendant Robert Sweeney has been given full notice of the claims against him in detail and was already fully aware of them from the 93A demand letter even prior to this complaint.

129    Plaintiff Dr Bharani respectfully requests this Court that Attorney Alan David Meyerson (BBO# 682515) explain to the satisfaction of this Court how he allowed "hundreds" of processes to be served by a person who was not licensed or bonded in the City of Cambridge and did not respond to Plaintiff Dr Bharani when notified that he was obligated to inform "hundreds" of parties and the District Attorneys involved.

130    Plaintiff Dr Bharani respectfully requests this Court to view adversely any attempt at extending time to answer and other dilatory tactics engaged in by Defendant Robert Sweeney and his counsel, including vacation plans etc., as Plaintiff Dr Bharani *pro se* has been severely damaged, is presently indigent and in great need of immediate relief from this Court.

131    Plaintiff Dr Bharani respectfully prays that this Court decrees that the conduct alleged herein constitutes a violation of G.L.c. 93A.

132    Plaintiff Dr Bharani respectfully seeks damages in the order of $250,000 to compensate him for his time, effort, distress, costs and the loss of chance represented by the missing fifteen defendants including Dr Lucian Leape and Dr Judy Ann Bigby. *Biondo v. City of Chicago*, 382 F.3d 680, 688-89 (7th Cir. 2004); *Doll v. Brown*, 75 F.3d 1200, 1205-07 (7th Cir. 1996) (proposing the use of loss of chance in the Title VII employment discrimination damages context for the first time), *Matsuyama v. Birnbaum*, 452 Mass. 1 (2008), *Federal Sentencing Error as Loss of Chance*, Kate Huddleston, Yale law Journal, May 2015, 124 (7), 2202, *Miller v. Allstate Ins. Co.*, 573 So. 2d 24, 29 (Fla. Ct. App. 1990), *In re TJX Cos. Retail Sec. Breach Litig.*, 584 F. Supp. 2d 395, 400 (D. Mass. 2008), *Story Parchment Co. v. Paterson Parchment Paper Company*, 282 U.S. 555, 563 (1931)(when the plaintiff's inability to calculate damages to a reasonable certainty is a result of the defendant's wrongdoing, "the risk of uncertainty should be thrown upon the wrongdoer instead of upon the injured party." The Court further explained that no part of the loss should be left upon the injured party simply because the defendant's wrongful act prevented the precise amount from being fixed.)

133    Plaintiff Dr Bharani respectfully seeks an Order from this Court enjoining Defendant Robert Sweeney from transferring his assets in order to defeat the relief sought from this Court.

134    Plaintiff Dr Bharani also respectfully seeks double or triple damages under G.L.c. 93A §9 and any other relief the court may find just and applicable.

Respectfully submitted and signed under the pains and penalties of perjury,

24 October 2016

**Bharani Padmanabhan MD PhD**
*pro se*
30 Gardner Road #6A, Brookline MA 02445
617 5666047