UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
BHARANIDHARAN PADMANABHAN, MD,  )
PhD,                            )
          Plaintiff,            )
                                )          Civil Action No.
          v.                    )          16-12158-NMG
                                )
ROBERT SWEENEY,                 )
                                )
          Defendant.            )
_____)
```

MEMORANDUM AND ORDER FOR DISMISSAL

GORTON, J.

I.   Background

On October 24, 2016, plaintiff Bharanidharan Padmanabhan, MD, PhD ("Dr. Bharani"), a resident of Brookline, Massachusetts, filed a self-prepared Complaint (with an incorporated memorandum of law and exhibits in support), against defendant Robert Sweeney ("Sweeney"), a resident of Stoneham, Massachusetts.  Dr. Bharani alleges that Sweeney committed unfair and deceptive acts or practices in the conduct of his business, and asserts claims under the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45(a) and the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A ("Chapter 93A").

With respect to jurisdiction, Dr. Bharani alleges that primary jurisdiction is based under 28 U.S.C. § 1331 (federal question jurisdiction), with supplemental jurisdiction under 28 U.S.C. § 1367 over his Chapter 93A claim.  He further contends that supplemental jurisdiction is proper because his state and

federal claims are intricately linked and are inseparable, because a violation of the FTCA constitutes a violation of Chapter 93A.[1]

Specifically, Dr. Bharani alleges that, in 2015, Sweeney knowingly misrepresented to him that he was a Constable who was duly-licensed and bonded in the City of Cambridge and authorized to serve court summonses within the City.  He contends that Sweeney was, in fact, licensed or bonded.  He further contends the unfair and deceptive acts were carried out by Sweeney through *inter alia*, false advertisements on the internet, fraudulent signage on the glass of Sweeney's store-front window advertising "Constable Services," the strategic location of his business across the street from the Middlesex Probate Court and the Middlesex Sheriff's Office ("MCSO"), verbal misrepresentations by Sweeney to him, and the failure to disclose both material information about his qualifications and other relevant service information.

The relevant background is as follows.  In October, 2014, Dr. Bharani filed a civil tort action against 72 defendants.

---

[1]Section 2(b) of Chapter 93A provides that:

It is the intent of the legislature that in construing paragraph (a) of this section in actions brought under sections four, nine and eleven, the courts will be guided by the interpretations given by the Federal Trade Commission and the Federal Courts to section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), as from time to time amended.

Mass. Gen. Laws ch. 93A, § 2(b).

While en route to the MCSO to arrange for service of process for that lawsuit, he accidentally entered Sweeney's store-front office. Sweeney asked him how he could help, and Dr. Bharani explained that he was looking for the MCSO because he had summonses that he needed to have served. He stated that he had intended to meet with a particular staff member there in order to receive a discount on the service fees based on the large volume of summonses he needed to be served, but had entered Sweeney's office by mistake. Sweeney then offered to serve the summonses himself and advised that he could serve summonses locally at any time. Dr. Bharani thanked him and then headed to the MCSO Office to arrange for service.

By February, 2015, the MSCO and/or the Suffolk County Sheriff's Office had served most of the 72 defendants. Dr. Bharani contends, however, that the Cambridge Public Health Commission and the Harvard School of Public Health had made efforts to thwart personal service on one of its doctors who had been named as a defendant in his lawsuit, by physically preventing entrance of the Suffolk County Sheriff's Department onto their premises. Dr. Bharani believed that a constable who appeared in plain clothes might be able to gain entry to the buildings, whereas a uniformed Sheriff otherwise would be blocked from doing so. Therefore, on February 12, 2015, Dr. Bharani sought the services of Sweeney to serve 16 summonses on 15 defendants (the defendant doctor was to be served at two separate locations). Sweeney was not in the office but one of his staff

members arranged to have Sweeney speak with Dr. Bharani by telephone.  At that time, Sweeney assured him he was a duly-authorized Constable, licensed and bonded, with years of experience in serving elusive defendants.  He stated he would begin serving the summonses the following day.  Dr. Bharani paid Sweeney $800.00 for his anticipated services, partly in cash and partly though a credit card.

Next, Dr. Bharani contends that Sweeney failed to inform him that he needed to file a motion with the court in order to have Sweeney approved as a special process server.  Further, he contends that Sweeney failed to inform him that under Massachusetts law, Constables were prohibited from accepting summonses in lawsuits where damages sought were greater than $7,000.00, and Sweeney did not ask Dr. Bharani whether his damage claims exceeded $7,000.00.  Additionally, Dr. Bharani contends that Sweeney failed to advise him that he intended to subcontract the work of serving the 16 summonses to another person, Mark Davis, who also was not duly licensed or bonded.  Finally, Dr. Bharani alleges that Sweeney failed to inform him that his business was not registered with the Secretary of the Commonwealth.

Thereafter, Sweeney did not return the executed summonses to be filed with the court, nor did he return Dr. Bharani's telephone calls.  On February 24, 2015, Dr. Bharani visited Sweeney's office, at which time he was informed that Sweeney had subcontracted the job to Mark Davis and advised him to contact

Mark Davis about the status of service.  Dr. Bharani attempted to do so but was unable to reach him and his messages were not returned.  Thereafter, Dr. Bharani visited Sweeney's office again, but Sweeney offered no explanation or apology for the lack of service.  He did offer a refund, but has not returned the summonses to him as requested.  Dr. Bharani then discovered that Sweeney had not been sworn as a Constable since 2012.

Dr. Bharani alleges that, as a result of the inaction by Sweeney and Davis, the deadline for service of process on the 15 defendants had passed.  Since he did not have another $800.00 to pay for service by a different process server, he claims that he lost an opportunity to litigate his claims against these defendants.  He had conversations with Sweeney's attorney in an attempt to resolve the dispute, to no avail.  Ultimately, he sent a demand letter to Sweeney's attorney pursuant to the requirements of Chapter 93A, but received no response.

As relief, Dr. Bharani seeks, among other things, a Court Order to Sweeney's attorney directing him to explain how he allowed Sweeney to serve hundreds of processes when he was not licensed or bonded.  He also seeks an award of compensatory damages of $250,000.00 and an award of double to treble damages under Chapter 93A, as well as an injunction to Sweeney prohibiting him from transferring his assets.

Along with the Complaint, Dr. Bharani filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2).

**II.  Discussion**

    A.   The Motion for Leave to Proceed *In Forma Pauperis*

    A review of Dr. Bharani's financial affidavit indicates that he lacks sufficient funds to pay the filing and administrative fees for this action.  Accordingly, his Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is <u>ALLOWED</u>.

    B.   Screening of the Complaint

    Because Dr. Bharani has been permitted to proceed *in forma pauperis*, the Complaint is subject to screening under 28 U.S.C. § 1915(e)(2).  This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915(e)(2).  In addition to the statutory screening requirements under § 1915, this Court has an independent obligation to inquire, *sua sponte,* into its own subject matter jurisdiction.[2]  <u>McCulloch</u> v. <u>Velez</u>, 364 F.3d 1, 5 (1st Cir. 2004).  "If the court determines at any time that it lacks

---

    [2]<u>See</u> <u>In re Recticel Foam Corp.</u>, 859 F.2d 1000, 1002 (1st Cir. 1988)("It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting."); <u>Pallazola</u> v. <u>Rucker</u>, 797 F.2d 1116, 1128 (1st Cir. 1986)(dismissal warranted where subject-matter jurisdiction is lacking).  <u>See</u> <u>Fafel</u> v. <u>Dipaola</u>, 399 F.3d 403, 410 (1st Cir. 2005)(Federal courts are of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'" quoting <u>Insurance Corp. of Ireland Ltd.</u> v. <u>Compagnie des Bauxites de Guinee</u>, 456 U.S. 694, 702 (1982)).

subject-matter jurisdiction, the court must dismiss the action."
Fed. R. Civ. P. 12(h)(3).

Because Dr. Bharani is proceeding *pro se*, this Court
liberally construes the Complaint.  Hughes v. Rowe, 449 U.S. 5, 9
(1980); Haines v. Kerner, 404 U.S. 519, 520 (1972).  Even under a
liberal construction, however, this Court finds that it lacks
subject matter jurisdiction for the reasons set forth below.

C.   Lack of Subject Matter Jurisdiction

In order for this Court to review Dr. Bharani's claims, it
must either have: (1) federal question jurisdiction; or (2)
diversity subject matter jurisdiction.  See 28 U.S.C. § 1331
(federal question jurisdiction); 28 U.S.C. § 1332 (diversity
jurisdiction).

1.   Lack of Diversity Jurisdiction

Dr. Bharani does not allege jurisdiction is based on
diversity of citizenship pursuant to 28 U.S.C. § 1332; rather, he
alleged federal question jurisdiction over the FTCA and
supplemental jurisdiction over his state law Chapter 93A claim.
In any event, on this record, this Court cannot find a basis for
diversity jurisdiction because the parties do not appear to be of
diverse citizenship.  See Owen Equip. & Erection Co. v. Kroger,
437 U.S. 365, 373-74 (1978)(diversity must be complete: the
citizenship of each plaintiff must be shown to be diverse from
that of each defendant).  Here, Dr. Bharani alleges that the
parties both reside in Massachusetts, and thus, they both are
presumed to be citizens of Massachusetts for this analysis.

7

2.   <u>Lack of Federal Question Jurisdiction</u>

Next, federal district courts have original jurisdiction over "federal question" cases, that is, civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; <u>Viqueira</u> v. <u>First Bank</u>, 140 F.3d 12, 17 (1st Cir. 1998).   Generally, a claim arises under federal law within the meaning of Section 1331 if a federal cause of action emerges from the face of a well-pleaded complaint.   <u>See</u> <u>City of Chicago</u> v. <u>International College of Surgeons</u>, 522 U.S. 156, 163 (1997). The well-pleaded complaint rule restricts the exercise of federal question jurisdiction to instances in which a federal claim is made manifest within the four corners of the plaintiff's complaint.   <u>Viqueira</u>, 140 F.3d at 17.

In this case, the only federal cause of action asserted by Dr. Bharani is raised under the FTCA.   This claim, however, does not present a *bona fide* basis to invoke the Court's subject matter jurisdiction because the FTCA does not provide a private right of action for violations of the statute.   <u>See</u> <u>Mulder</u> v. <u>Kohl's Dep't Stores, Inc.</u>, 2016 WL 393215, at *3 (D. Mass. Feb. 1, 2016)(no private right of action under the FTCA) <u>appeal pending</u> No. 16-1238 (1st Cir. 2016);[3] <u>Shaulis</u> v. <u>Nordstrom Inc.</u>, 120 F. Supp. 3d 40, 46 (D. Mass. 2015) <u>appeal pending</u>, No. 15-

---

[3]The issues on appeal do not involve FTCA claims; rather the appeal concerns the interplay between Chapter 93A and 940 C.M.R. 3:00 *et seq.* and 6.00 *et seq.* involving the sale of consumer goods and the question of what constitutes a legally cognizable injury under Chapter 93A.   <u>See</u> Brief for plaintiff-appellant, <u>Mulder</u> v. <u>Kohl's Department Stores, Inc.</u>, 2016 WL 3185643 (1st Cir. Jun 2, 2016).

2354 (1st Cir. 2015);[4] Marini v. DragadosUSA, 2012 WL 4023674, *1

(D. Mass. 2012); Holloway v. Bristol Myers Corp., 485 F.2d 986,

998-99, 1002 (D.C. Cir. 1973)(discussing the purposes of the FTCA

and the problems with private enforcement, concluding that "[a]

fair reading of the statute and its legislative history evinces a

plain intent by Congress to make the administrative program for

enforcing the Federal Trade Commission Act an exclusive one.").[5]

Accordingly, because there is no legally cognizable federal

claim, this Court lacks federal question jurisdiction under 28

U.S.C. § 1331.[6]  The fact that Dr. Bharani asserts violations of

---

[4]The issues on appeal do not involve FTCA claims; rather the appeal concerns the scope of damages under Chapter 93A, and breach of warranty by the sale of goods of lesser quality. See Reply Brief for plaintiff-appellant, Shaulis v. Nordstrom, Inc., 2016 WL 3231444 (1st Cir. June 9, 2016).

[5]There is a plethora of cases in other federal district and appellate courts holding that the FTCA does not create a private right of action.  See, e.g., Laake v. Lulu Enterprises, Inc., 2016 WL 6210779, at *1 (E.D.N.C. Oct. 24, 2016) citing A & E Supply Co. v. Nationwide Mut. Fire Ins. Co., 798 F.2d 669, 675 (4th Cir. 1986)(because the FTCA's substantive prohibitions are "inextricably intertwined with provisions defining the powers and duties of a specialized administrative body charged with its enforcement, courts have declined to imply any private right of action and have relied upon the regulatory scheme to police the industry.") cert. denied 479 U.S. 1190 (1987); Malifrando v. Real Time Resolutions, Inc., 2016 WL 3753323, at *5 (E.D. Cal. July 14, 2016), report and recommendation adopted sub nom. 2016 WL 4368123, *5 (E.D. Cal. Aug. 16, 2016)("Only the Federal Trade Commission may file an action to protect against unfair trade practices") citing Carlson v. Coca-Cola Co., 483 F.2d 279, 280 (9th Cir. 1973)("The protection against unfair trade practices afforded by the Act vests initial remedial power solely in the Federal Trade Commission.") and Lemon v. Bear Stearns Residential Mortg. Corp., 2012 WL 2395169, at *5 (C.D. Cal. Jun. 25, 2012).

[6]For the same reasons discussed herein, even if an independent basis for jurisdiction existed, the FTCA claim would be subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (failure to state a claim upon which relief may be granted).

the FTCA as an integral part of his Chapter 93A claim does not convert his state claim to a federal claim.  Moreover, Bharani's allegations that Sweeney has committed a state crime and that his actions undermine the state and federal court systems, also do not serve as a basis for federal question jurisdiction.

Thus, in the absence of an independent basis for this Court's subject matter jurisdiction, Dr. Bharani's state law claims arising under Chapter 93A (or, for that matter, any separate state claims for breach of contract, fraud, etc. that are generally alleged in the body of the Complaint but not expressly asserted as separate causes of action) shall be dismissed without prejudice to filing in another forum if he is able to do so.  See Ramos-Echevarria v. Pichis, Inc., 659 F.3d 182, 191 (1st Cir. 2011)(providing that the "district court has considerable authority whether to exercise [supplemental jurisdiction], considering factors such as judicial economy, convenience, fairness to litigants, and comity.")(brackets added).  "When a plaintiff's anchor claim is a federal cause of action and the court unfavorably disposes of the plaintiff's federal claim at the early stages of a suit, well before trial, the court generally dismisses any supplemental state-law claims without prejudice.  Id. quoting Rodriquez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995) and citing Martinez v. Colon, 54 F.3d 980, 990 (1st Cir. 1995) (affirming dismissal without prejudice of pendent claims when the district court determined "far in advance of trial that no legitimate federal question

10

existed"). Under the circumstances presented here, this Court declines to exercise supplemental jurisdiction.

Accordingly, this action shall be <u>DISMISSED</u> *sua sponte* without prejudice for lack of subject matter jurisdiction.

### III. Conclusion and Order

For the reasons stated above:

1) Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is <u>ALLOWED</u>; and

2) This action is <u>DISMISSED</u> *sua sponte* without prejudice for lack of subject matter jurisdiction.


**So ordered.**


<u>/s/ Nathaniel M. Gorton</u>
Nathaniel M. Gorton
United States District Judge

Dated: November 14, 2016